**Post Falls Lumber & Manufacturing Company, Ltd., Defendant in Error, v. W. A. Messer Lumber Company, Plaintiff in Error.**

## Gen. No. 18,165. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH R. STEW-ART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed November 21, 1913.

### Statement of the Case.

Action by Post Falls Lumber & Manufacturing Company, Ltd., a corporation, against the W. A. Messer Lumber Company, a corporation, to recover a balance due for lumber sold and delivered. From a judgment for two hundred and seventy-five dollars for plaintiff, defendant brings error.

HARRY A. BIOSSAT, for plaintiff in error.

JULIUS N. HELDMAN, for defendant in error; EDWARD GRAFF, of counsel.

MR. JUSTICE DUNCAN delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when formal written pleadings not required.* No formal written pleadings are required in a fourth class action in the Municipal Court of Chicago.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement and affidavit are sufficient.* A statement of claim in a fourth class action in the Municipal Court of Chicago for lumber sold and delivered did not state in terms that the claim was for lumber sold and delivered, but was stated in words and figures sufficiently for any lumberman to understand every item of charge and credit therein. The affidavit of merits states that the cause was a suit upon contract for the payment of money; that the nature of its demand is for a balance as set forth in the claim, and that a certain sum is due. *Held*, the

statement of claim and affidavit when considered together were sufficient to support the judgment.

3. MUNICIPAL COURT OF CHICAGO, § 19*—*when judgment not vacated*. Where a defendant in an action in the Municipal Court of Chicago did not file an appearance until two days after judgment was entered and not within time required by rules of court and made no sufficient excuse for not filing an affidavit of defense, and took no action until thirty days after judgment was entered, no diligence is shown and a judgment by default will not be vacated however meritorious the defense may appear.

4. JUDGMENT, § 134*—*diligence must be used in vacating default judgment*. Both diligence and merit must be shown to have a judgment by default set aside, and a judgment will not be vacated where due diligence to protect rights was not exercised although the party may have a meritorious defense.